1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| ROBERT G. GREEN, on behalf of himself and all others similarly situated, ) ) ) Plaintiffs, ) vs. ) ) EXECUTIVE COACH AND CARRIAGE, a ) Nevada Corporation; and DOES 1-50, inclusive, ) ) Defendants. ) _____ ) ) THOMAS THATCHER SCHEMKES, et al., ) ) Plaintiffs, ) vs. ) ) JACOB TRANSPORTATION SERVICES, LLC, ) a Nevada Company, doing business as Executive ) Las Vegas, ) ) Defendants. ) _____ ) ) JACOB TRANSPORTATION SERVICES, LLC, ) ) Counterclaimant, ) vs. ) ) THOMAS THATCHER SCHEMKES, and ) GREGORY GREEN, ) ) Counterdefendants. ) _____ ) | Case No.: 2:09-cv-00466-GMN-RJJ<br><br>Consolidated with:<br>2:11-cv-00355-GMN-RJJ<br><br><br>**ORDER**<br><br>**(ECF Nos. 123, 153, and 154)** |

**INTRODUCTION**

Before the Court is Defendant Executive Coach and Carriage's (hereinafter "Executive Coach") Motion to Dismiss / Motion for Summary Judgment (ECF No. 123).  Plaintiff Robert G. Greene filed a Response (ECF No. 130) and Defendant filed a Reply (ECF No. 131).

Also before the Court is Defendant Jacob Transportation Services, LLC's (hereinafter "Jacob Transportation") Motion to Reconsider Magistrate Judge's Order (#150) Granting Plaintiffs' Motion for Approval of Their Notice of Collective Action Under the FLSA (ECF No. 153) and Motion to Reconsider Magistrate Judge's Order (#149) Denying Countermotion for Approval of a Notice of FLSA Collective Action that Complies with the Court's Orders, and For Sanctions (ECF No. 154).  Plaintiff filed a Response to both Motions to Reconsider (ECF No. 156).

**FACTS AND BACKGROUND**

On March 10, 2009, Plaintiff Robert A. Greene filed the present lawsuit individually and on behalf of all persons who have worked for Defendant Bentley Transportation Services, doing business as Executive Coach and Carriage ("Defendant") within the last three years.  Plaintiff's remaining claims against Defendant are: (1) failure to pay the minimum wage under the Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime under the FLSA; and (3) liquidated damages under the FLSA.[1]

After three years of litigation and Plaintiff's failed attempt to amend his complaint, Defendant "Executive Coach and Carriage" files the instant motion to dismiss or for summary judgment claiming (1) Plaintiff has failed to name a real party in interest; and (2) Plaintiff is a party to an existing suit against the "correct defendant."

/ / /

---

[1] Plaintiff(s) brought additional claims under Nevada Law but all of these claims were dismissed by Judge Robert C. Jones. (*See* ECF Nos. 16 & 31.)

**DISCUSSION**

**A.     Motion for Summary Judgment or Motion to Dismiss**

    **1.     Failure to Name a Real Party in Interest**

Plaintiff requested leave to amend his complaint to substitute Jacob Transportation Services, a Nevada Company doing business as Executive Las Vegas, as the defendant in the action as well as requested leave to add Jim Jimmerson and Carol Jimmerson as party defendants. (*See* Mtn to Amend Compl., ECF No. 82.)  Magistrate Judge Johnston denied Plaintiff's request.[2] (Aug. 31, 2011 Order, ECF No. 113.)  This Court then denied Plaintiff's Motion to Reconsider Magistrate Judge Johnston's ruling on February 17, 2012. (*See* Feb. 17, 2012 Order, ECF No. 129.)

Plaintiff's request to substitute Jacob Transportation as the defendant in the suit instead of adding Jacob Transportation as a party is an implicit acknowledgement that "Executive Coach and Carriage" is not a proper party to this suit, or a real party in interest.  Plaintiff argues that "[m]isjoinder of parties is not a ground for dismissing an action," and that Rule 21 allows the Court to "add or drop a party any time." Fed. R. Civ. P. 21.  However, Plaintiff's requested relief to substitute Jacob Transportation as a party defendant was already denied and the Court is not going to again reconsider it.[3]  At this point, Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff basically admits that "Executive Coach and Carriage" was not his employer.

    **2.     Plaintiff is Party to Two Separate Suits Involving the Same Subject Matter**

Defendant argues that Plaintiff should not be allowed to maintain two separate suits involving the same subject matter against the same defendant.  Shortly after Plaintiff initiated

---

[2] Magistrate Judge Johnston did grant Plaintiff's request to amend the complaint to correct Plaintiff's middle initial from A to G.  However, Plaintiff never filed his amended complaint so the docket still reflects his middle initial as A.

[3] This motion was being briefed while Plaintiff's motion to reconsider the magistrate judge's order denying Plaintiff's request to amend his complaint.  Therefore, Plaintiff makes many arguments that are similar to those made regarding his request to amend his complaint.  Those arguments were found to be unmeritorious and this Court will not reconsider them again.

1    this suit, he signed a consent to sue in another related case before this court. (*See* Consent to

2    Sue, Ex. 2 attached to MSJ, ECF No. 123.)  If Plaintiff received his wish to amend, he would

3    become a plaintiff against the same defendant, Jacob Transportation, in two suits, this one (09-

4    cv-466) and the consolidated case (11-cv-355) *Schemkes v. Jacob Transportation Services, LLC*.

5         "Plaintiffs generally have 'no right to maintain two separate actions involving the same

6    subject matter at the same time in the same court and against the same defendant." *Adams v.*

7    *California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citing *Walton v. Eaton*

8    *Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).  Dismissal is an appropriate remedy where the plaintiff

9    has decided to file two such actions. *Adams*, 487 F.3d at 692 ("the district court did not abuse its

10   discretion in electing to dismiss the second action with prejudice").

11        The Court finds that the appropriate remedy in this case is to dismiss the current action

12   (09-cv-466) and allow Plaintiff, Robert Greene, to proceed as a party plaintiff in the

13   consolidated *Schemkes* case, 11-cv-355.  Plaintiff fails to cite any undue prejudice that would

14   arise if the Court were to take this action.  In fact, Plaintiff concedes that "if this Court were to

15   dismiss Plaintiff's claims against 'Executive Coach and Carriage,' Jacob would remain as the *de*

16   *facto* real party in interest. . . . and because Robert Greene is a party against Jacob in *Schemkes*,

17   dismissal of 'Executive Coach and Carriage' should not affect Plaintiff's claims against Jacob."[4]

18   (Response at 9:30-10:5.)  Accordingly, the Court will order that these two cases be

19   unconsolidated.  The instant case (09-cv-466) will be dismissed and the *Schemkes* case (11-cv-

20   355) will continue with discovery.  The Court notes that the Notice of Collection Action will no

21   longer accurately reflect the posture of these cases. (*See* Order Approving Notice, ECF No. 150.)

22   / / /

23

24   [4] Plaintiff and Defendant also argue over Plaintiff's failure to appear for a deposition in the *Schemkes* case.  Defendant filed a
     motion for sanctions, to include dismissal of Robert Greene from the *Schemkes* case that was ruled on by Magistrate Judge
25   Johnston. (*See* Mtn for Sanctions, ECF No. 90, Order on Sanctions, ECF No. 135.)  It is unclear if Defendant is asking for
     dismissal of this case based on the conduct involved in the Motion for Sanctions.  Either way, the Court will not reconsider
     the issue as it has already been appropriately handled by the Magistrate Judge.

1    Accordingly, a new Notice of Collective Action is approved as prescribed herein and shall

2    replace the current notice.

3        The Defendant, Jacob Transportation, filed a Motion to Reconsider the Notice and the

4    Court will address their arguments at this time *infra*.

5    **B.    Motions to Reconsider**

6        "A district judge may reconsider any pretrial matter referred to a magistrate judge in a

7    civil . . . case . . . where it has been shown that the magistrate judge's ruling is clearly erroneous

8    or contrary to law." LR IB 3-1.  The Court may overturn the magistrate judge's decision if, upon

9    review, the Court is left with a definite and firm conviction that a mistake has been made. *See*

10   *David H. Tedder & Assocs. v. United States*, 77 F.3d 1166, 1169-70 (9th Cir. 1996).

11       Jacob Transportation makes many objections to the notice approved by Magistrate Judge

12   Johnston including, but not limited to, the following:

13
- The caption of the court should be replaced with Plaintiffs' Counsel's
14        letterhead;
- All references to Bentley Transportation and Executive Coach and Carriage
15        should be removed;
- The section describing the case should be replaced with the proposed
16        language from Jacob Transportation's proposed notice (*see* ECF No. 137);
- The counterclaims should be included in the notice;
17   - Tolling should not have been granted.
- Plaintiffs should not be allowed to use a third party administrator to
18        facilitate the sending and collecting of the Notices.

19

20   The Court makes the following rulings regarding the Notice.

21       **1.    Parties, Description of Lawsuit, Counterclaims and Caption**

22       Based upon the above ruling finding that case number 09-cv-466, *Greene v. Executive*

23   *Coach and Carriage*, should be dismissed, the Court agrees that all references to Bentley

24   Transportation and Executive Coach and Carriage should be removed from the notice.  The

25   description of the case shall be replaced with the description from Jacob Transportation's

1    proposed notice in docket number 137.  Furthermore, the date of the composition of the class

2    shall be changed to June 19, 2006.

3          However, the portion of the description describing the counterclaims shall be omitted.

4    The magistrate judge did not include any reasoning in his Order regarding his decision to

5    include the counterclaims.  Thus, it is unclear if his ruling is clearly erroneous or contrary to

6    law.  A review of the arguments previously before the Court indicates that the issue could turn

7    either way.

8          Defendants previously argued that the counterclaims should be included to disclose a fair

9    and accurate description of the nature of the case. *See Gjurovich v. Emmanuel's Marketplace,*

10   *Inc.*, 282 F.Supp.2d 91 (S.D.N.Y. 2003); *see Mowdy v. Beneto Bulk Transport*, 2008 WL

11   901546, at \*10 (N.D. Cal. Mar. 31, 2008).  In *Gjurovich,* the court included the counterclaims as

12   part of the notice of pendency.  Defendants would like that language added to put potential

13   plaintiffs on notice that they may be held liable for costs associated with the lawsuit and for

14   potential counterclaims.  Plaintiffs object to the inclusion of this language arguing that courts

15   which have dealt with this issue directly have not supported the inclusion of such language. *See*

16   *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 451 (S.D.N.Y. Feb. 8, 2011)

17   ("Defendants' request to notify potential plaintiffs that they may be responsible for

18   counterclaims or any other costs is denied."); *Guzman v. VLM, Inc.*, No. 07 Civ. 1126, 2007

19   U.S. Dist. LEXIS 75817, 2007 WL 2994278, at \*8 (E.D.N.Y. Oct. 11, 2007) (rejecting such

20   language because it "may have an *in terrorem* effect that is disproportionate to the actual

21   likelihood that costs or counterclaim damages will occur in any significant degree.")  They

22   argue that these cases are consistent with the imperative that language should not be included in

23   a FLSA Notice that is "meant to discourage participation in the lawsuit …" *In re Milos Litig.*,

24   No. 08 Civ. 6666 (LBS), 2010 U.S. Dist. LEXIS 3038, at \*5 (S.D.N.Y. Jan. 11, 2010).

25   Additionally, there has been no showing by defendants that their counterclaims are likely to

1  succeed in this case.  Accordingly, the Court does find that the magistrate judge's ruling

2  regarding the counterclaims is clearly erroneous or contrary to law.

3          In addition, the magistrate judge's ruling that the caption of the court can be used

4  is not clearly erroneous.  Although this Court previously ruled in *Schemkes v. Presidential*

5  *Limousine*, case no. 09-cv-1100, that the notice should be drafted with counsel's letterhead

6  without the caption of the case, there was no binding authority for this Court's decision.  As a

7  purely discretionary decision, the magistrate judge's ruling is not clearly erroneous or contrary

8  to law.  However, changes must be made to the court caption to properly reflect the new posture

9  of the case.

10         **2.     Tolling**

11         Again, the magistrate judge did not include any reasoning in his order regarding its

12  approval of Plaintiffs' Notice of Collective Action.  Accordingly, it is unclear what the extent of

13  his ruling was with regard to tolling.

14         In Plaintiffs' motion to approve their notice, Plaintiffs request that the notice should be

15  given to the broadest possible class of opt-ins, which can then be limited at the decertification

16  stage.  Plaintiffs further explain that this will prevent multiple notices being sent out once the

17  court determines the appropriate statute of limitations, equitable tolling, the proper Defendant

18  entities, and other issues.  Plaintiffs acknowledge that they have the burden of proof to invoke

19  equitable tolling; however it does not appear that Plaintiffs ever actually request the Court to

20  make a ruling that equitable tolling applies in this case.  Instead, Plaintiffs only ask for the

21  Notice to be sent to the largest class possible in case Plaintiffs later succeed on their claim for

22  equitable tolling. *See Anglada v. Linens 'N Things, Inc.*, 2007 WL 1552511, at *8 (S.D.N.Y.

23  May 29, 2007).  In Plaintiffs' proposed order, which the magistrate judge did not sign, Plaintiffs

24  include the following language:

25  / / /

1

2

3. Notice shall be given to all persons who currently work or who have worked for Defendants as a limousine driver at any time between March 10, 2006, and the date of this Order (hereinafter "Putative Class Members").

3

4. The statute of limitations shall be equitably tolled for Putative Class Members until the cut-off date for returning consents to join as provided in Paragraph 10 below.

4

5

. . .

10. When the notice period ends, Administrator shall prepare a list of those people who timely[5] returned consent to join forms, stating their full names, the date on which each consent to join form was received, and the postmarked date on the corresponding envelope, if applicable.  Plaintiff's counsel shall file that list and all timely consent to join forms with the Court within 14 days of the end of the notice period.

6

7

8

9

10
(*See* Proposed Order, ECF No. 134.)  Thus, although it is unclear from the motion itself that

11
Plaintiffs are asking for equitable tolling to apply (let alone what that period should be), the

12
proposed order makes it clear that Plaintiffs are asking for equitable tolling to be approved.

13
Plaintiffs' Reply adds little to the argument for equitable tolling.  Plaintiffs argue that two

14
other cases have already approved equitable tolling in this district for similar reasons.  Plaintiffs

15
point to evidence in their motion that Defendants have engaged in intentional and pervasive

16
corporate practice to scare away potential opt-ins and mislead them into believing they had been

17
properly paid.  However, Plaintiffs again round out their argument by explaining that it is more

18
prudent at this stage of the proceedings to define the relevant class period "broadly" and that the

19
relevant class period and definition can be amended later.

20
Given that it is very unclear in the motions whether or not Plaintiffs are affirmatively

21
moving for the court to approve equitable tolling in this case, and since Magistrate Judge

22
Johnston's order does not give any reasoning regarding its ruling, this Court is not construing

23
the Magistrate Judge's Order as affirmatively granting equitable tolling.  In fact, in the

24
Magistrate Judge's Order he only mentions reviewing the Motion (ECF No. 132), the

25

---

[5] The putative class members have 60 days from the date of the mailing of the Notice to return it.

1     Declaration (ECF No. 133), the Opposition (ECF No. 136) and the Reply (ECF No. 140).  He

2     does not mention that he also reviewed the proposed order which is the only place where

3     Plaintiffs affirmatively demonstrate they are asking for the Court to grant equitable tolling.

4          Nevertheless, it is plausible that the Magistrate Judge considered allowing the Notice to

5     be distributed to a class that would include members that would only be allowed if Plaintiffs'

6     request for equitable tolling is granted.  Plaintiff is free to file a motion for equitable tolling at

7     any time.  The Court finds this request to be reasonable and it does not conflict with this Court's

8     previous Order regarding the Notice schedule. (*See* Order, ECF No. 66, "Within 10 days of the

9     Notice being approved by the Court, Defendant is to provide Plaintiffs with the names, physical

10    residential addresses, and email addresses of all limousine drivers employed by Defendants at

11    any time from June 19, 2006 to present.")

12         **3.**       **Third Party Administrator**

13         Defendant Jacob Transportation's objection to Plaintiffs' use of a third party

14    administrator is a perfect example of the two parties' willingness to fight over frivolous details

15    instead of heeding the Court's numerous suggestions to cooperate.  Defendant argues that

16    Plaintiffs' use of a third party administrator is in violation of this Court's previous order

17    approving the notice schedule. (*See* ECF No. 66.)  However, this Court is mindful of the fact

18    that attorneys have changed in this case, and new counsel may choose to do things a little

19    differently than previous counsel.  There is nothing in the Order approving the notice schedule

20    that affirmatively orders that the notices must be sent to Plaintiffs' counsel.  Accordingly, the

21    Court finds Defendant's objection to a third party administrator to be completely meritless.

22                         **<u>CONCLUSION</u>**

23      **IT IS HEREBY ORDERED** that Defendant "Executive Coach and Carriage's Motion

24    for Summary Judgment or Motion to Dismiss (ECF No. 123) is **GRANTED**.

25      **IT IS FURTHER ORDERED** that Case No. 09-cv-466, *Greene v. Executive Coach and*

1  *Carriage* and Case No. 11-cv-355, *Schemkes v. Jacob Transportation* **are HEREBY**

2  **UNCONSOLIDATED**.  Upon the request of any party, any prior motion or order specifically

3  identified by the party as affecting the *Schemkes* case shall be re-filed by the Clerk of the Court

4  under Case No. 11-cv-355.

5        **IT IS FURTHER ORDERED** that Case No. 09-cv-466, *Greene v. Executive Coach and*

6  *Carriage* is **HEREBY DISMISSED**.

7        **IT IS FURTHER ORDERED** that the Plaintiffs shall submit a new Notice of Collective

8  Action for the Court's approval **on or before close of business on September 24, 2012**,

9  incorporating the changes ordered herein.  Defendants may only file objections to the new

10  Notice within seven (7) days of the filing of the new Notice which points out discrepancies

11  between this Order and the new Notice.

12        DATED this 13th day of September, 2012.

13

14

15  _____
    Gloria M. Navarro
16  United States District Judge

17

18

19

20

21

22

23

24

25