UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Thomas Thatcher Schemkes, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>Jacob Transportation Services, LLC,<br><br>        Defendant. | Case No. 2:11-cv-355-JAD-NJK<br><br>**Order on Plaintiffs' Proposed Notice of Collective Action [Doc. 11]** |

**Discussion**

Plaintiff Thomas Thatcher Schemkes and other limousine drivers bring this collective action on the theory that Las Vegas limousine company Jacob Transportation Services, LLC[1] did not pay its drivers minimum wage. Doc. 4 at 2-3. Plaintiff drivers[2] claim that they were obligated to be on the job for 8-12 hours per day; however, since they were paid only per "trip" taken, their total wages fell below the prevailing minimum wage. *See generally id.* Plaintiffs seek relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* for unpaid minimum wage, as well as "interest . . . liquidated damages . . . injunctive and other equitable relief and reasonable attorney's fees." *Id.* at 2. They allege claims for the following FLSA violations: unlawful failure to pay minimum wage (Count 1), unlawful failure to pay

---

[1] The Amended Complaint lists two additional defendant entities—Presidential Limousine, and CLS Nevada, LLC. Doc. 4 at 2-3. However, these entities are no longer part of this suit. *See* Doc. 11-1 at 3.

[2] Named plaintiffs are Thomas Thatcher Schemkes, Brian McKenna, James Hammond, and Gregory Greene. Doc. 4 at 3. Plaintiffs purport to represent a number of prospective plaintiffs, i.e., similarly situated limousine drivers.

overtime compensation (Count 2), and unlawful deductions from wages in violation of the FLSA (Count 3). *Id.* at 6-11.

The case was originally consolidated with Case No. 2:09-cv-466, another collective action brought against several Las Vegas limousine companies.[3]  Doc. 8.  The putative class, which included the Schemke plaintiffs, was granted conditional certification.  Docs. 56, 63.[4]  Thereafter plaintiffs in No. 09-466 applied for a Notice of an FLSA Collective Action, Doc. 132, which was supported by a Declaration.  Doc. 133.  This Notice was granted by the U.S. Magistrate Judge.  Doc. 150.  The U.S. District Judge then granted summary judgment against the Plaintiffs, and No. 11-355 was unconsolidated from No. 09-466.  Doc. 159.

A copy of the Court's Order granting summary judgment was filed in the now-unconsolidated No. 11-355 docket.  Doc. 10.  In the Court's Order, the Court carried over a Collective Action Notice from No. 09-466.  *See id.*  The Court's Order listed a number of changes to be made to the proposed notice.  These changes were, *inter alia*:

1. All references to Bentley Transportation and Executive Coach and Carriage should be removed from the notice.
2. The Description of the case was to be "replaced with the description from Jacob Transportation's proposed notice in [No. 09-466 137]."
3. No description of the counterclaims in this case should be included.
4. The "court caption," as modified to reflect the "new posture of the case," was to be used, as opposed to counsel's letterhead.

Doc. 10 at 5-7.[5]  The Court ordered Schemkes to "submit a new Notice of Collective Action for the Court's approval . . . incorporating the changes ordered herein."  Doc. 10 at 10.  The Court also instructed Defendants to object to the new notice only to the extent that any such

---

[3] No. 2:09-cv-466, Doc. 1.  Plaintiff moved to amend his Complaint in No. 09-466; the motion was denied in all material respects.  Doc. 113.  The unconsolidated case is currently on appeal, although the appeal pertains to the taxation of costs and does not reach the merits of the underlying dispute.

[4] This certification had actually occurred in yet another case, 2:09-cv-1100, which was ultimately consolidated with 09-466.  Docs. 158, 159.  In 09-1100, the parties stipulated to removal of Presidential Limousine from the Order.  Doc. 175.  References to docket entries in 09-1100 have been omitted to minimize confusion.

[5] The Court also found that Plaintiffs had included a request for equitable tolling and their use of a third-party administrator to distribute notice of the claims.  Doc. 10 at 8-9.

motion pointed to "discrepancies between this Order and the new Notice." *Id.*[6] Schemkes then submitted a new Notice of Collective Action, to which Defendant has objected. Docs. 11, 12.

Plaintiff's new proposed notice contains a number of modifications that go beyond the straightforward, specific, and limited modifications ordered by the Court in Doc. 10. For example, the first page of the proposed notice tinkers with the verbiage on the initial explanation of the suit, exchanging "you may be affected by a currently pending collective action lawsuit" for "you may have rights affected by a currently pending collective action." No. 09-466 Doc. 133, at 5; No. 11-355 Doc. 11-1 at 2. The new proposed notice also contains three new statements, found nowhere in the original notice: "This is not a solicitation from a lawyer," "The U.S. District Court for Nevada authorized this notice," and "Please read this notice carefully as your legal rights may be affected." *Id.* These are only two examples of how the new proposed notice has been modified in unanticipated ways. Defendant's objections list the modifications more exhaustively, *see* Doc. 12, but the Court need not earmark every discrepancy to conclude that the proposed notice is unacceptable in its current iteration, and must be rejected as crafted.

The Court is vested with discretion to actively manage the collective-action notice process "in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La-Rouche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). This ensures that the Court, and not the potential plaintiffs, actually receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.*; *cf. Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1530 (2013) ("'[C]onditional certification' does not produce a class with independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-

---

[6] Along with the Court's order unconsolidating the two cases, the Court stated that "[u]pon the request of any party, any prior motion or order specifically identified by the party as affecting the *Schemkes* case shall be re-filed by the Clerk of the Court under Case No. 11-cv-355." Doc. 10 at 10. No request for re-filing of any documents from 09-1100 or 09-466 has been made by either party.

approved written notice to employees."); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1137 (D. Nev. 1999) ("Certification allows the court to control the notice procedure.").

Exercising its discretion to actively intervene in the management of the collective action notice process when the parties have failed to reconcile their differences, the Court orders the current Plaintiffs to contact chambers' judicial assistant at (702) 868-4960 to arrange digital submission of the Notice at Doc. 11-1 at 2-7 in Microsoft Word 2010 format no later than three (3) days after the issuance of this Order and concurrently serve that revision on Defendant. The parties need not submit any further briefing or argument in support of their positions regarding the contents of the notice.

## Conclusion

**IT IS THEREFORE ORDERED** that Plaintiffs' Proposed Notice of Collective Action [Doc. 11] is **DENIED WITHOUT PREJUDICE**. Plaintiffs shall contact chambers' judicial assistant at (702) 868-4960 to arrange digital submission of its Notice at Doc. 11-1 at 2-7 in Microsoft Word 2010 format no later than three (3) days after the issuance of this Order.

DATED: January 2, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE